UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION


LAYMON FLY                          )
                                    )
    Plaintiff,              )
                                    )
    v.                      )          Case No.:
                                    )
HOWMET AEROSPACE, INC.              )
a/k/a  Howmet Castings &            )
Services, Inc.                      )
                                    )
    Defendant.              )

## COMPLAINT

Plaintiff complains about Defendant and for causes of action for damages, equitable, and other relief under Section 1 of the Civil Rights Act of 1866 (42 U.S.C. § 1981) (herein referred to as "Section 1981") and under Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000e *et seq*) (herein referred to as "Title VII") alleges and states:

### I.  THE PARTIES AND JURISDICTION OF THE COURT

1.  The Plaintiff Laymon Fly ("Fly" or "Plaintiff") is an adult African American male and a resident of La Porte County in the State of Indiana.

2.  The Defendant Howmet Aerospace, Inc. is a Delaware corporation that does business in the State of Indiana using the name Howmet Castings & Services, Inc.  (herein, "Howmet" or "Defendant").  Howmet owns and operates a factory in the City of La Porte, La Porte County, Indiana, and

Page **1** of **9**

that factory is its principal place of business.

3.  Prior to May 18, 2023, Plaintiff was an employee of Defendant working as a second shift technician in the Metal Cell department of Defendant's factory in La Porte, Indiana.

4.  At all pertinent times, Defendant was and is an employer as that term is defined in Title VII.

5.  At all pertinent times, Defendant employed more than 500 individuals.

6.  Plaintiff was suspended from his employment with Defendant on May 18. 2023, and fired on June 14, 2023.

7.  Plaintiff contends that his discharge from employment violated his rights under Section 1981 and under Title VII.

8.  Jurisdiction of the United States District Court for the Northern District of Indiana, South Bend Division is predicated upon the Section 1981 and Title VII and upon 28 U.S.C. § 1331.

9.  Because all acts complained of occurred in La Porte County, Indiana, proper venue for this action is in the Northern District of Indiana, South Bend Division, as provided in 28 U.S.C. § 1391 (b) (2) and 28 U.S.C. § 94 (a) (2).

## II.  THE FACTUAL ALLEGATIONS

10.  As a 2nd shift technician working in Defendant's Metal Cell department, Plaintiff's job duties included being confined in a dark booth and

examining various aircraft parts for defects.

11. On May 18, 2023, while performing his duties Plaintiff dozed off and fell asleep for a period of less than 10 minutes.

12. Plaintiff was awakened when he heard one of his supervisors outside his booth.

13. Realizing that he was likely going to be written up, Plaintiff sat in his booth for about 15-20 minutes until the supervisor and another manager came to his booth, suspended him from employment, and escorted him out of the plant.

14. On or about March 22, 2023, one of Plaintiff's co-workers, D.S., also fell asleep while working as a 2nd technician in the Metal Cell department of Defendant's factory in La Porte, IN.

15. On the occasions when they fell asleep at work, both Plaintiff and D.S. had the same supervisors, worked the same shift, performed the same work, and were subject to the same work rules.

16. Among the work rules that applied to both Plaintiff and D.S. at the times they fell asleep at work was a work rule found in Defendant's "Supplemental Employee Guidebook" under the section entitled "Intolerable Offenses". That work rule read:

**Intolerable offenses**

There are certain behaviors that absolutely will not be tolerated at Howmet Aerospace. You subject yourself to accelerated disciplinary action and/or termination of your employment. It is not practical to list every action of misconduct that might result in disciplinary action. **The**

**following list is not all-inclusive, but proves some examples:**

&ast; &ast; &ast; &ast;

- Sleeping during work time.

17. Both Plaintiff and D.S. were suspended from employment because of their respective violations of the above work rule.

18. Despite having prior disciplinary action related to sleeping on the job, D.S. was reinstated by Defendant and allowed to return to work.

19. Despite having no prior disciplinary action, Plaintiff was fired.

20. D.S. is a white Caucasian.

21. Plaintiff is a black African-American.

22. Upon information and belief, D.S. is not the only white Caucasian employee of Defendant who was not fired despite violating the above referenced work rule.

23. Plaintiff was treated more harshly and not given the same leniency by Defendant than similarly situated white Caucasian employees of Defendant who violated the same work rule as Plaintiff.

24. In its efforts to justify the disparate treatment of Plaintiff, Defendant claims that it applied an unwritten, unpublished "secret" work rule that calls for lesser discipline for workers who fall asleep for shorter periods of time. No such work rule exists in Defendant's published "Supplemental Employee Guidebook distributed by Defendant to Plaintiff, D.S. and other workers employed by Defendant at its plant in La Porte Indiana.

25. Defendant's work rule declaring sleeping to be an intolerable offense does

not provide for lesser discipline for those who sleep for shorter periods of time.

26. In its efforts to justify the disparate treatment of Plaintiff, Defendant claims that Plaintiff was asleep longer than D.S. Such claim is false as both Plaintiff and D.S. were asleep less than 15 minutes.

27. In its efforts to justify the disparate treatment of Plaintiff, Defendant claims that D.S. was given preferential treatment because he was leaning back in his chair while sleeping as compared to Plaintiff who Defendant claims was leaning forward in his chair while sleeping.

28. Defendant's work rule declaring sleeping to be an intolerable offense does not provide for lesser discipline for those employees who sleep leaning back in a chair as opposed to those who sleep leaning forward in a chair.

29. Prior to firing Plaintiff, Defendant did not conduct a meaningful investigation and did not interview any of Plaintiff's co-worker witnesses.

30. Defendant's explanations for its disparate treatment of Plaintiff were and falsehoods, pretextual, and coverups for its real reasons – the color of Plaintiff's skin and his race.

31. When Plaintiff was told he was being fired, he accused Defendant of treating him differently because he was black. Defendant's representative did not deny that accusation.

32. Since his discharge from employment, Plaintiff has diligently attempted to find comparable employment, but has been unsuccessful, due in large part

to having to try to explain why he was fired by Defendant.

33. Defendant's acts are intentional, and not merely careless.

## COUNT I – THE SECTION 1981 CLAIM

For Count I of his claims for relief, Plaintiff alleges that Defendant has violated Plaintiff's rights under Section 1981 and says:

1-33 Plaintiff incorporates by reference pleading paragraphs 1-33 above as though fully set forth herein.

34. Section 1981 guarantees Plaintiff the same rights and privileges of employment that are afforded to white Caucasian employees.

35. Section 1981 applies to Defendant and to its employment relationship with Plaintiff.

36. By its conduct, Defendant has denied Plaintiff the same rights, privileges and benefits of employment that it has provided to its white Caucasian employees.

37. By its conduct, Defendant has violated the rights of Plaintiff set forth in Section 1981.

38. Plaintiff has been damaged by Defendant's violation of Plaintiff's Section 1981 rights in the following respects: Plaintiff has lost wages and benefits of employment, Plaintiff has been humiliated and insulted, Plaintiff has suffered mental anguish and emotional distress associated with being treated differently on account of the color of his skin and his race, Plaintiff's ability to find comparable employment has been diminished due

to the stigma potential employers attach to applicants who have been fired from previous employment.

39. Defendant should be ordered to reinstate Plaintiff to employment with full rights and privileges as though he had never been fired, and Defendant should be ordered to pay Plaintiff fair amounts for his losses and damages, including, but not limited to back pay, back benefits, front pay, compensatory damages, and punitive damages,

40. Plaintiff has hired an attorney to represent him in this matter, and Defendant should be ordered to pay the costs and fees of such legal counsel.

## COUNT II – THE TITLE VII CLAIM

For Count II of his claims for relief, Plaintiff alleges that Defendant has violated Plaintiff's rights under Title VII and says:

1-40 Plaintiff incorporates by reference pleading paragraphs 1-40 above as though fully set forth herein.

41. After being fired by Defendant, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") alleging violations of Plaintiff's rights under Title VII.

42. On or about December 29, 2023, the EEOC awarded Plaintiff the right to sue Defendant for such violations.

43. This lawsuit has been timely filed by Plaintiff under that Right To Sue notice from the EEOC.

44.   Plaintiff has complied with all statutory and regulatory prerequisites to bringing this action under Title VII.

45.   The acts of Defendant as described above constitute unlawful employment discrimination and violate Plaintiff's rights under Title VII.

46.   Plaintiff has been required to hire the services of an attorney to represent him in these proceedings.

47.   Plaintiff is entitled to the following relief on account of Defendant's violations of Title VII: back pay (including fringe benefits), front pay, compensatory damages, instatement and/or reinstatement to employment, other appropriate monetary damages for pecuniary and non-pecuniary losses, injunctive relief, and an award of attorney's fees, costs and expenses of pursuing this action.

FOR ALL OF THE ABOVE REASONS, Plaintiff prays for judgment against Defendant for all relief as may be appropriate under Section 1981 and/or Title VII, as amended, including, without limitation, back pay and benefits, front pay, compensatory damages, instatement and/or reinstatement to employment, other appropriate monetary damages for pecuniary and non-pecuniary losses, injunctive relief, an award of attorney's fees, costs and expenses of pursuing this action, and all other just and proper relief in the premises.

**Law Office of Mark L Phillips, LLC**

By */s/Mark L. Phillips*
     Mark L. Phillips, Attorney #5860-46
     P.O. Box 1703
     La Porte, IN 46352

219-363-1718 (phone)
219-344-5191 (fax)
mark@mlphillipslegal.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff, by counsel, now demands trial by jury as to all issues as permitted by law.

**Law Office of Mark L Phillips, LLC**

By */s/Mark L. Phillips*
   Mark L. Phillips, Attorney #5860-46
   P.O. Box 1703
   La Porte, IN 46352
   219-363-1718 (phone)
   219-344-5191 (fax)
   mark@mlphillipslegal.com

*Attorney for Plaintiff*